UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ACTIONCOACH NORTH AMERICA, LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>ALLISON DUNN,<br><br>Defendant | Case No.: 2:19-cv-02244-APG-DJA<br><br>**Order Granting in Part ActionCoach's Motion for a Preliminary Injunction**<br><br>[ECF No. 3] |

Plaintiffs ActionCOACH North America, LLC and ActionCOACH OneCo, LLC (collectively, ActionCoach) move for a preliminary injunction to enforce a franchisee agreement with defendant Allison Dunn, including post-term non-compete and non-solicitation provisions. I reviewed the briefs and evidence submitted by the parties, and heard oral argument on March 4, 2020. I deny the motion for a preliminary injunction to enforce the non-compete and non-solicitation provisions because ActionCoach has not made a sufficient showing of irreparable harm and a likelihood of success on the merits. But I grant its request that I order Dunn to (1) notify her clients that she is no longer an ActionCoach franchisee and (2) return or destroy ActionCoach's manuals, training materials, and confidential information.

A preliminary injunction is an "extraordinary" remedy and is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. The Supreme Court of Nevada has held that a showing of irreparable harm is required to obtain a preliminary injunction to enforce a non-compete provision. *Excellence Community Management v. Gilmore,* 351 P.3d 720,

723-24 (Nev. 2015). I "must independently determine" that ActionCoach's injury is in fact irreparable; a contractual provision stipulating that irreparable harm will result from a breach is insufficient to satisfy the irreparable harm requirement. *Int'l Ass'n of Plumbing & Mech. Officials v. Int'l Conference of Bldg. Officials*, 79 F.3d 1153, 1996 WL 117447 at *2 n.3 (9th Cir. 1996) (table); *see also Michael A. Baron, M.D., Ltd. v. Gerson*, 238 P.3d 794, 2008 WL 6043843 at *1 (Nev. 2008) (table) (because movant for preliminary injunction to enforce non-compete agreement showed only minimal competition with respondent, contractual provision did not establish irreparable harm); *Bofi Fed. Bank v. Erhart*, No. 15-CV-02353-BAS(NLS), 2016 WL 4680291 at *8 (S.D. Cal. Sept. 7, 2016) (collecting cases). Additionally, a movant's delay in requesting injunctive relief may rebut irreparable harm. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

ActionCoach has not made a sufficient showing of irreparable harm in the absence of an injunction enforcing the non-compete and non-solicitation provisions because: (1) it has not shown that it can or will actually compete in the market Dunn agreed not to compete in or serve the clients Dunn agreed not to solicit; (2) it has not shown irreparable harm to its franchise system; (3) Dunn's contractual stipulations do not satisfy the irreparable harm requirement; and (4) it waited an unreasonable amount of time before moving for a preliminary injunction. ActionCoach also has not made a sufficient showing of a likelihood of success on the merits of its claims, especially as to whether "executive coaching" is prohibited under the non-compete provision. However, the *Winter* factors are satisfied with respect to ActionCoach's request for an order requiring Dunn to (1) notify her clients that she is no longer an ActionCoach franchisee and (2) return or destroy ActionCoach's manuals, training materials, and confidential

information. *See* ECF No. 1-2 at 22 (franchisee agreement). And at the hearing on the motion, Dunn agreed to such an order (primarily because she claims she already has done this).

I THEREFORE ORDER that ActionCOACH North America, LLC and ActionCOACH OneCo, LLC's motion for a preliminary injunction **[ECF No. 3] is GRANTED IN PART.** Defendant Allison Dunn is required to (1) notify her clients that she is no longer an ActionCoach franchisee and (2) return or destroy ActionCoach's manuals, training materials, and confidential information. By March 13, 2020 Dunn must submit to the plaintiffs an affidavit averring that she has done so.

DATED this 4th day of March, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE