Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Jennifer R. Lloyd, Esq.
Nevada Bar No. 9617
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Tel. (702) 257-1483
Email: jwf@h2law.com
Email: jl@h2law.com

*Attorneys for Plaintiffs*
*ActionCOACH OneCo, LLC*
*and ActionCOACH North America, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ACTIONCOACH NORTH AMERICA, LLC, a Nevada limited liability company and ACTIONCOACH ONECO, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLISON DUNN, an individual; and DOE INDIVIDUALS I-X and ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:19-cv-02244-APG-DJA<br><br>**JOINT RULE 26(f) REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiffs ActionCOACH North America, LLC and ActionCOACH OneCo, LLC (together "ActionCOACH" or "Plaintiffs") and Defendant Allison Dunn ("Defendant" or "Dunn"), hereby submit their joint report of the parties' Rule 26(f) conference, and state their respective proposals concerning the schedule for discovery in this case:

1. <u>Procedural History</u>. Defendant removed this case from the Eighth Judicial District Court of Nevada to this Court on December 31, 2019. (ECF No. 1.) On January 6, 2020, Plaintiff filed its Motion for Preliminary Injunction. (ECF No. 3.) The parties agreed to extend the time for Defendant to file and serve her opposition to the motion from January 20, 2020 to January 28, 2020. (ECF No. 13 at ¶¶ 2-3.) Defendant filed her opposition to the motion on January 28, 2020. (ECF No. 11.) The parties also agreed to extend the time for Plaintiff to file

1

and serve its reply from February 4, 2020 to February 11, 2020. (ECF No. 13.) The court heard oral argument on the motion on March 4, 2020, and the Court granted the motion in-part and denied the motion in-part. (ECF Nos. 19-20.)

On March 12, 2020, the Governor of the State of Nevada issued a Declaration of Emergency for COVID-19, declaring a public health emergency in the State of Nevada. On March 13, 2020, the Court entered General Order 2020-02, recognizing the COVID-19 public health crisis and corresponding State and federal emergency declarations. The Court subsequently entered General Order Nos. 2020-03, 2020-04, and 2020-05, which imposed substantial restrictions upon the Court and its operations in light of the COVID-19 pandemic and public health emergency.

On May 5, 2002, the Court entered a Minute Order directing the parties to meet and confer and file a proposed Discovery Plan and Scheduling Order by May 15, 2020. (ECF No. 22.) The Minute Order directed the parties to request special scheduling review. (*Id*.) Therefore, in light of the Coronavirus pandemic, its effects upon the Court and the practice of law generally, and the Court's direction in its Minute Order, the parties request special scheduling review pursuant to Local Rule 26-1(a).

2.   Rule 26(f) Conference.   On **May 15, 2020,** Plaintiff's counsel convened a telephonic Rule 26(f) conference. The participants were Jonathan W. Fountain on behalf of Plaintiff and Jeffrey Goldstein on behalf of Defendant.

3.   Rule 26(f) Report.   During the Rule 26(f) conference, the parties' counsel discussed the following issues:

a.   Fed. R. Civ. P. 26(f)(3)(A) - What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made? The parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Rule 26(a)(1)(A) disclosures shall be served on or before **June 15, 2020**.

b.   Fed. R. Civ. P. 26(f)(3)(B) - The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in

2

phases or be limited to or focused on particular issues? The parties agree that discovery should commence on **May 15, 2020**, the date of the parties' Rule 26(f) conference, on all issues relevant and proportional to the parties' respective claims and defenses. The parties do not believe discovery should be conducted in phases or limited to or focused on any particular issues at this time.

        c.      Fed. R. Civ. P. 26(f)(3)(C) - Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? None at this time.

        d.      Fed. R. Civ. P. 26(f)(3)(D) - Any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order? The parties agree that discovery will require the disclosure of valuable, proprietary, financial, personal, and/or competitive business information. Accordingly, the parties agree to prepare and submit a proposed order governing the discovery, disclosure, and use of confidential information in this case.

        e.      Fed. R. Civ. P. 26(f)(3)(E) - What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed? None at this time.

        f.      Fed. R. Civ. P. 26(f)(3)(F) - Any other orders that should be issued under Rule 26(c) or under Rule 16(b) and (c)? None at this time.

    4.    Proposed Schedule of the Completion of Discovery. The parties agree to the following case management deadlines:

        a.      Discovery Cutoff. The discovery cutoff date shall be **December 11, 2020**, which is 210 days from the parties' Rule 26(f) conference. Should this period be insufficient, the parties are amenable to extending the discovery period for a reasonable length of time;

        b.      Amending the Pleadings and Adding Parties. The last day to amend pleadings and add parties shall be **September 12, 2020**, which is 90 days before the discovery cut-off date;

c. <u>Expert Disclosures</u>. The last day to make initial expert disclosures shall be **October 12, 2020,** which is 60 days before the discovery cut-off date. Rebuttal expert disclosures shall be served by **November 11, 2020**, which is 30 days after the deadline for serving initial expert disclosures;

d. <u>Dispositive Motions</u>. The last day for filing dispositive motions, including but not limited to motions for summary judgment, shall be **February 9, 2020,** which is 60 days after the discovery cut-off date;

e. <u>Joint Pretrial Order</u>. The last day for filing the Joint Pretrial Order shall be **March 11, 2020,** which is 30 days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court;

f. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>. Unless the Court orders otherwise, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the joint pretrial order;

g. <u>Alternative Dispute Resolution</u>. The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation. The parties may, in the near future, submit a stipulation or joint motion requesting that the Court conduct a magistrate-facilitated mediation/settlement conference;

h. <u>Alternative Forms of Case Disposition</u>. The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program, but respectfully decline this option at this time; and,

i. <u>Electronic Evidence</u>. The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties agree to consult the court's website and to contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and to obtain other requirements for the court's electronic jury evidence display system.

5. <u>Discovery Motions</u>. Before moving for an order relating to discovery, the movant

must request a conference with the assigned magistrate judge unless emergent circumstances would render the parties' dispute moot before the conference could occur.

6. Calculation of Time. Fed. R. Civ. P. 6 shall govern the calculation of time under this Order. For example, if a deadline falls on a day that is a Saturday, a Sunday, or a legal holiday, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the deadline shall run to the next day that is not a Saturday, a Sunday, or a legal holiday.

Dated this 15th day of May, 2020

**IT IS SO AGREED AND STIPULATED:**

| | |
|---|---|
| HOWARD & HOWARD ATTORNEYS PLLC | LINCOLN, GUSTAFSON & CERCOS |
| By: /s/ Jonathan W. Fountain<br>Jonathan W. Fountain, Esq.<br>Jennifer R. Lloyd, Esq.<br>3800 Howard Hughes Pkwy., Suite 1000<br>Las Vegas, NV 89169<br>Tel. (702) 257-1483<br>Email: jwf@h2law.com<br>Email: jl@h2law.com<br><br>*Attorneys for Plaintiffs*<br>*ActionCOACH OneCo, LLC*<br>*and ActionCOACH North America, LLC* | By: /s/ Shannon G. Splaine<br>Shannon G. Splaine, Esq.<br>3960 Howard Hughes Pkwy., Suite 200<br>Las Vegas, NV 89169<br>Email: ssplaine@lgclawoffice.com<br><br>GOLDSTEIN LAW FIRM, PLLC<br><br>By: /s/ Jeffrey M. Goldstein<br>Jeffrey M. Goldstein, Esq.<br>(Will comply with LR IA 11-2 within 45 days)<br>1629 K. St. N.W., Suite 300<br>Washington, D.C., 20006<br>Email: jgoldstein@goldlawgroup.com<br><br>*Attorneys for Defendant Allison Dunn* |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

4843-6979-6028, v. 1