UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ACTIONCOACH NORTHAMERICA, LLC ET AL., | Case No. 2:19-cv-02244-APG-DJA |
| Plaintiffs, | **ORDER** |
| v. | |
| ALLISON DUNN, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion to Strike (ECF No. 28), filed on August 5, 2020. Defendant Allison Dunn filed a Response (ECF No. 29) on August 19, 2020. Plaintiffs filed a Reply (ECF No. 30) on August 26, 2020. The Court finds this matter properly resolved without a hearing. LR 78-1.

### I.  BACKGROUND

Plaintiffs seek to strike Defendants' counterclaims (ECF No. 26) as untimely filed without their consent and without leave of the court pursuant to Fed.R.Civ.P. 13(a), Rule 37(b)(2)(A)(iii), and LR 7-2(g). (ECF No. 28). They argue that the counterclaims are untimely because Defendant's Answer did not contain a compulsory counterclaim and the counterclaims were filed without explanation six months later. Plaintiffs also contend that Defendant was required to seek leave of the court pursuant to Rule 15(a)(1) rather than simply filing her counterclaims on the docket.

Defendant contends that Plaintiffs consented to the filing in the parties' stipulated discovery plan (ECF No. 23) and the counterclaims were filed timely prior to the September 12, 2020 deadline to amend the pleadings; in fact they were filed well before on July 15, 2020. (ECF No. 29). Further, Defendant argues that the counterclaims were filed in good faith, without dilatory motive, without delay, and they do not prejudice Plaintiffs. Defendant also explains the

delay of nearly six months between her answer and the filing of her counterclaims due to the start of this case being rapid with the preliminary injunction issue and then the effects of the COVID-19 pandemic.  Finally, Defendant asserts that there is no basis to deny the amendment because the case should be tried on its merits.

Plaintiffs' reply that the counterclaims are frivolous and it never consented to them being filed.  (ECF No. 30).  They also claim they are prejudiced by the expansion of the scope of the litigation that requires additional discovery and additional expenses for experts and attorneys' fees.  Further, Plaintiffs argue that the counterclaims should have been included in Defendant's answer and she failed to seek leave of the Court for her late filing.

## II.     DISCUSSION

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Moreover, Rule 15(a)(2), regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires."  The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'"  *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As Defendant filed her counterclaims prior to the expiration of the deadline to amend the pleadings, it falls under Rule 15.  (ECF No. 23).  The Court finds that although Defendant should have sought leave of the court prior to simply filing her counterclaims on the docket, she should be permitted to amend as requested to assert her counterclaims.  Amendment at this stage would be neither extraordinarily disruptive nor prejudicial to Plaintiffs.  Indeed, Plaintiffs were clearly aware of the proposed counterclaims given the preliminary injunction proceedings and discussion regarding the discovery plan and scheduling order.  There is also sufficient time for Plaintiffs to conduct discovery on Defendant's counterclaims.  However, the Court cautions Defendant to be

mindful of the Federal and Local Rules going forward as she should have requested leave of the Court to amend her Answer and submitted a proposed answer with the counterclaims.

Further, the Court is not persuaded that Defendant unduly delayed in asserting her counterclaims. Indeed, the passage of time is not reason enough to preclude amendment. *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."). Moreover, the majority of Plaintiffs' Motion consists of a recitation of their version of the facts, which Defendant disputes. It does not establish any disruption to this litigation or prejudice to Plaintiffs that warrants denying the amendment. Finally, the Court will permit Plaintiffs to have the requested 21 days from the date of this Order to file their answer to Defendants counterclaims pleading.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike (ECF No. 28) is **denied** and they shall have 21 days from today to file an answer.

DATED: August 31, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE